UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br>                         **Plaintiff,** <br><br>         **v.** <br><br> RICHARD J. SENIOR et al., <br><br>                       **Defendants.** | Civil Action No. 3: 12 CV 60 |

### FINAL JUDGMENT AS TO DEFENDANT SHAUN P. WHITELEY

The Securities and Exchange Commission having filed a Complaint and Defendant Shaun

P. Whiteley having entered a general appearance; consented to the Court's jurisdiction over

Defendant and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)     to employ any device, scheme, or artifice to defraud;

    (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Section 13(b)(5) [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. §240.13b2-1] by directly or indirectly, knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or knowingly falsifying, or causing to be falsified, any book, record, or account described in Exchange Act Section 13(b)(2) [15 U.S.C. § 78m(b)(2)].

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violation of Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13] by knowingly providing substantial assistance to any issuer of a security registered pursuant to Exchange Act Section 12 [15 U.S.C. §78l] that files or causes to be filed with the Commission any report which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Exchange Act Sections 13(b)(2)(A) and 13(b)(2)(B) [15 U.S.C. §§78m(b)(2)(A) and 78m(b)(2)(B)] by knowingly providing substantial assistance to any issuer of a security registered pursuant to Exchange Act Section 12 [15 U.S.C. §78l] or to any issuer which is required to file reports pursuant to Exchange Act Section 15(d) [15 U.S.C. §78o(d)] that:

(a)     fails to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(b)     fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (1) transactions are executed in accordance

3

with management's general or specific authorization; (2) transactions are recorded

as necessary (a) to permit preparation of financial statements in conformity with

generally accepted accounting principles or any other criteria applicable to such

statements and (b) to maintain accountability for assets; (3) access to assets is

permitted only in accordance with management's general or specific

authorization; and (4) the recorded accountability for assets is compared with the

existing assets at reasonable intervals and appropriate action is taken with respect

to any differences.

### V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

the Consent is incorporated herein with the same force and effect as if fully set forth herein, and

that Defendant shall comply with all of the undertakings and agreements set forth therein.

### VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _2-1-/2_

s/ Rudy Lozano
UNITED STATES ~~DISTRICT JUDGE~~

4