UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD J. SENIOR et al.,<br><br>Defendants. | Civil Action No. 3:12CV60 |

JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF
AS TO DEFENDANT RICHARD J. SENIOR

The Securities and Exchange Commission having filed a Complaint and Defendant Richard J. Senior having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

    made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Section 13(b)(5) [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. §240.13b2-1] by directly or indirectly, knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or knowingly falsifying, or causing to be falsified, any book, record, or account described in Exchange Act Section 13(b)(2) [15 U.S.C. § 78m(b)(2)].

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by, as a director or officer of an issuer, directly or indirectly:

 (a) making or causing to be made a materially false or misleading statement; or

(b)   omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading

to an accountant in connection with: (i) any audit or examination of the financial statements of an issuer required to be made pursuant to Code of Federal Regulations, Title 17, Part 240, Subpart A, Sections 0-1 to 36a1-2 [17 C.F.R. §§ 240.0-1 to 240.36a1-2]; or (ii) the preparation or filing of any document or report required to be filed with the SEC.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13] by knowingly providing substantial assistance to any issuer of a security registered pursuant to Exchange Act Section 12 [15 U.S.C. §78l] that files or causes to be filed with the Commission any report which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

4

participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Exchange Act Sections 13(b)(2)(A) and 13(b)(2)(B) [15 U.S.C. §§78m(b)(2)(A) and 78m(b)(2)(B)] by knowingly providing substantial assistance to any issuer of a security registered pursuant to Exchange Act Section 12 [15 U.S.C. §78l] or to any issuer which is required to file reports pursuant to Exchange Act Section 15(d) [15 U.S.C. §78o(d)] that:

    (a)    fails to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

    (b)    fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (1) transactions are executed in accordance with management's general or specific authorization; (2) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and (b) to maintain accountability for assets; (3) access to assets is permitted only in accordance with management's general or specific authorization; and (4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant

to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, if any, including prejudgment interest thereon, in the amount, and upon such terms, as may be determined by the Court at a hearing to be held, upon motion of the Commission. At such hearing Defendant will be precluded from arguing that Defendant did not violate the federal securities laws in the manner described in the Complaint herein. Solely for the purposes of such hearing, the allegations of the Complaint shall be accepted as and deemed true by the Court, and at that hearing Defendant may not challenge the validity of Defendant's Consent or this Judgment. The Court may determine whether to order disgorgement, if any, and the amount thereof, on the basis of affidavits, declarations, deposition excerpts and exhibits. In connection with the determination of the amount of disgorgement, if any, the Commission may request discovery and Defendant shall provide such discovery, including, but not limited to, his testimony at deposition, hearing, and/or trial upon request by the Commission. Defendant shall also execute any and all consents requested by the Commission so that it may obtain asset discovery from Defendant and/or any other person or entity. Defendant further shall not move to quash any subpoena issued by the Commission to any third party.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: 2-1-, 12

                                            s/ Rudy Lozano
                                    UNITED STATES DISTRICT JUDGE